IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT M. VOGELSANG,

        Plaintiff,                      No. 2:09-cv-02885 JAM KJN PS

    vs.

LAURA ZINE, et al.,                    ORDER AND
                                             ORDER TO SHOW CAUSE

        Defendants.
_____/

        This case, in which plaintiff is proceeding without counsel, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). On March 1, 2010, defendant Vicki Bennett moved to dismiss plaintiff's complaint. (Dkt. No. 50.) Defendant noticed the motion for hearing on April 15, 2010. (Id.)

        Court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to defendant's motion.[1] Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or,

---

[1] Defendant's counsel did not, however, file a proof of service of the motion with the court as required by Local Rule 135, raising the question of whether the plaintiff received notice of the pending motion.

1

in this instance, by April 1, 2010.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  See also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendant's motion to dismiss is continued to May 13, 2010;

2. Defendant is directed to forthwith file with this court the proof of service upon plaintiff of her pending motion to dismiss.  If defendant failed to serve plaintiff with the motion to dismiss, defendant must so notify the court, and in which case defendant may renotice the motion and shall properly serve it as required by the Federal Rules of Civil Procedure and applicable Local Rules.

3. Plaintiff shall show cause, in writing, no later than April 29, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.[2]

4. Plaintiff shall file an opposition to the motion, or a statement of non-opposition

---

[2] The undersigned recognizes that the court's records do not reflect defendant's service of her pending motion upon plaintiff.  If plaintiff was not in fact served with the motion, he may so state in his response to the order to show cause.

2

thereto, no later than May 5, 2010.

      5. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in an adverse ruling, including but not limited to a recommendation that this action be dismissed for lack of prosecution. See Fed. R. Civ. P. 41(b).

      6. Defendant may file a reply to plaintiff's opposition, if any, on or before May 6, 2010.

      IT IS SO ORDERED.

DATED: April 12, 2010

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE